Andrews Allen and John A. Garcia, copartners, and Allen & Garcia Company, Defendants in Error, v. Arthur H. Swett, Plaintiff in Error.

Gen. No. 21,508.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN C. WORK, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 17, 1916.

## Statement of the Case.

Suit by Andrews Allen & John A. Garcia, copartners, and Allen & Garcia Company, a corporation, plaintiffs, against Arthur H. Swett, defendant, to recover for services rendered the defendant. On judgment for the plaintiffs, the defendant brings error.

Suit was brought January 13, 1914, by Allen and Garcia, copartners as Allen & Garcia, against A. H. Swett. March 16, 1914, it was ordered that all papers and proceedings be and they thereby were amended by making Allen & Garcia Company, a corporation, coplaintiff in the action. Garcia, a mining engineer, was asked by Swett to examine coal land in Iowa and make a report. He did so, and charged for his services and expenses $338.20, for which sum the plaintiff had judgment. The Lucas Coal & Supply Company, a corporation of which Swett was president and treasurer and a director, was the owner of the mine, and the contention of the defendant was that the Lucas Company and not he was liable for the services rendered.

CASTLE, WILLIAMS, LONG & CASTLE, for plaintiff in error.

UNDERWOOD & SMYSER, for defendants in error; CHARLES R. YOUNG and ARTHUR A. BASSE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1714*—*when question of misjoinder of parties waived.* Where, on review on a writ of error, it does not appear that the plaintiff in error objected in the trial court on the ground of misjoinder of the plaintiffs below, and the propriety of such joinder is not questioned by any assignment of error, nor argued in the brief of the plaintiff in error except in his reply brief, such misjoinder, if any, must be considered as waived.

---

## Lon G. Rand, Defendant in Error, v. William S. Bogle, Plaintiff in Error.

### Gen. No. 21,519.

1. DIVORCE, § 172*—*when marriage of divorced person void.* A marriage celebrated in disregard of the prohibition of the Divorce Act, prohibiting remarriage of a divorced person within one year after the time of the divorce, is void wherever celebrated.

2. HUSBAND AND WIFE, § 14*—*when existence of legal relation condition precedent to maintenance of action for necessaries.* Under the statute it is a condition precedent to a recovery from a husband for family expenses that there be a legal relation of husband and wife.

3. HUSBAND AND WIFE, § 14*—*when existence of legal relation essential to recovery for services rendered alleged wife.* In order to recover for the services of a dentist rendered to one alleged to be the wife of the defendant, it is essential that the legal relation of husband and wife exist between them.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed January 17, 1916.

M. F. GALLAGHER and E. B. WILKINSON, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.